

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
09   APR 28  P 1:08

UNITED STATES OF AMERICA,  JON W. SANFILIPPO
                              CLERK
                    Plaintiff,

v.                                        Case No.    **09  CR-118**

PAUL J. ZALESKI, MICHAEL PEMBROKE,        [18 U.S.C. §§ 1343, 1956, 1957 & 2]
JOHN F. HOCHREK, JR., PATRICIA LYNN KAY, and
ROBERT FARRELL,

                    Defendants.

## INDICTMENT

## THE GRAND JURY CHARGES:

### Allegations Common to All Counts

#### Background

1.  At all times relevant to this indictment:

    a.  Paul J. Zaleski acted as a mortgage loan broker/loan originator and an
        owner/partner and operator of First Security Financial, LLC, a mortgage
        brokerage company with offices in Kenosha, Wisconsin, and Antioch,
        Illinois and represented himself to be a person involved in the purchase
        and improvement of real estate for profit and the coordinator of a group of
        investors engaged in the purchase and improvement of real estate for
        profit.

    b.  Michael Pembroke acted as a home re-modeling contractor doing business
        as Dayco Home Improvement and as a partner with Zaleski in Silver Creek
        Investments.

    c.  John F.Hochrek, Jr. acted as a real estate agent employed by Premier
        Realty Partners, with an office in Illinois, and as a property appraiser doing
        business as Tri-County Appraisals, and licensed in the states of Wisconsin
        and Illinois.

d. Patricia Lynn Kay worked at First Security Financial, LLC, and was a partner with Zaleski in Northpointe Development; and, an investor in real estate for profit.

e. Robert Farrell acted as a mortgage loan originator at First Security Financial LLC.

## Scheme to Defraud

2. From on or about a date in late 2004, continuing to a date in late 2006, in the State and Eastern District of Wisconsin, and elsewhere,

**PAUL J. ZALESKI,
MICHAEL PEMBROKE,
JOHN F. HOCHREK, JR.,
PATRICIA LYNN KAY,
ROBERT FARRELL,**

and others, knowingly devised and participated in a scheme to defraud and to obtain money from real estate lending institutions by means of materially false and fraudulent pretenses, representations, and promises. In this scheme, the participants fraudulently secured mortgage loans in their own names and in the names of straw buyers by providing materially false income and asset information on loan applications in order to induce lenders to provide mortgage loans for the purchase of real estate located in southeastern Wisconsin and northern Illinois. The proceeds of the fraud were then shared, in varying proportions, among the scheme participants. The mortgages subsequently went into default and the properties into foreclosure, resulting in monetary loss to the lenders.

3. During the time frame encompassed by this indictment, Paul J. Zaleski, assisted by John Hochrek and others, located real estate that was for sale in southeastern Wisconsin and northern Illinois. Zaleski or others acting on his behalf then negotiated a purchase price and a

2

second, higher contract price, with the stipulation that the difference between the two sums would be remitted by the seller at closing as a seller's credit to one of three business entities, ostensibly to be used for the buyers to make improvements to the property. Zaleski typically failed to disclose the price discrepancy to the lenders in the loan applications and closing documents, and also failed to disclose to the sellers and the lenders that the business entities which would receive the excess funds were controlled by him and his associates.

4. In order to receive the undisclosed seller's credits, Zaleski used three shell companies: SilverCreek Investments, established by Michael Pembroke; Northpointe Development, established by Zaleski and Patricia Kay; and Lakeside Property Management, established by Zaleski.

5. In order to support the inflated contract price, Zaleski enlisted the involvement of property appraisers, including John Hochrek, who falsely valued the respective properties at the inflated contract prices. The appraisals were fraudulent in that they valued the subject properties far in excess of their actual fair market values, using as comparison values properties that were not similar in location or condition to the subject properties.

6. Some of the appraisals also misstated the physical attributes of the property, for example, by describing the property as a four-bedroom home when in fact there were only three bedrooms. All of the appraisals stated that the properties were appraised "as is," with no apparent defects or seller concessions, although in each case a seller's credit was negotiated with the seller for the stated purpose of rehabilitating or otherwise improving the property.

7. The fraudulent appraisals were included with the investor-buyers' loan applications that were forwarded to lenders, which did not know that the appraisals were inflated

3

or that additional monies were being sought for the purpose of rehabilitating or improving the properties.

8.    In addition to locating and purchasing properties in his own name, or in the names of Pembroke and Kay, Zaleski recruited straw buyers to secure mortgage loans for additional properties.

9.    Zaleski represented to each potential buyer that the buyer would be participating in an "investment" program wherein the buyer would purchase properties, and Zaleski, and Pembroke, would improve the properties, re-sell, and share the profits with investor-buyer. Zaleski told potential buyers that they would not be required to provide any funds toward the purchase, nor pay the mortgage, taxes or insurance.

10.    As a further inducement, Zaleski frequently promised the prospective buyers a cash payment at the time of the mortgage loan closing.

11.    In most instances, the prospective buyer never saw the property that he had agreed to purchase.

12.    As the result of Zaleski's investment promises, at least 10 people agreed to become investor-buyers and to sign mortgage loan documents that had been prepared by Zaleski, Farrell, and others. Some of the investor-buyers also referred friends and relatives to Zaleski.

13.    In order to conceal the fraud, Zaleski occasionally arranged to have cooperating Realtors change information in the Multiple Listing Service (MLS), by deleting the sellers' original asking price and inserting the inflated contract price.

14.    In order to secure financing for the properties, Zaleski prepared and arranged for the preparation fraudulent loan applications on behalf of the prospective buyers.

4

15.    Zaleski, Robert Farrell, and others participated in the preparation of fraudulent loan applications and supporting documents.

16.    The loan applications were fraudulent in that they contained materially false information about the prospective buyers' employment, income, assets, and intent to occupy the property, in addition to other misrepresentations.

17.    Some of the loan applications also contained forged documents, such as earnings statements and W-2 forms, which had not been provided by the investor-buyer but rather had been created by Zaleski or others involved in the scheme.

18.    In some instances, Zaleski deposited or arranged for the temporary deposit of cash into a prospective investor-buyer's bank account in order to artificially inflate the account balance and create the impression that the investor-buyer had actual assets that he did not have. After the closing on the mortgage loan, Zaleski would withdraw these funds from the investor-buyer's account.

19.    On some occasions, Zaleski provided the investor-buyers with cashiers' checks or money orders, or gave them funds to purchase such items, to be presented at closing as earnest money or as payment for buyer required funds at closing.

20.    After securing a loan commitment from a lender, Zaleski or one of his associates arranged for a real estate closing, accompanied the investor-buyer to the closing and directed him to sign the various documents that Zaleski had prepared. Generally, none of the documents were shown to or reviewed by the investor-buyer in advance of the closing.

21.    Consistent with mortgage lending practice, various lenders directed that loan funds be wired interstate, from warehouse bank accounts outside the State of Wisconsin to escrow accounts of closing agents in the State and Eastern District of Wisconsin.

5

22.     At or about the time of the closing, disbursements in the form of seller's credits were directed by the closing agent to accounts that were held in the name of Silver Creek Investments, Northpointe Development, and Lakeside Property Management from which accounts the funds were appropriated by Zaleski and/or Pembroke, and were diverted to their personal use and to the use of their associates.

23.     After the mortgage loan closings, Zaleski paid cash to some of the investor-buyers in order to induce their continued cooperation and encourage them to make future purchases and to refer others to his "investment" program.

24.     After the mortgage loan closings, Zaleski and Pembroke made few, if any, of the promised improvements to the properties.

25.     After the mortgage loan closings, Zaleski made few, if any, of the promised mortgage payments on the properties, causing many of the loans to go into default and the properties into foreclosure.

26.     When the mortgages went into default and the properties went into foreclosure, the investor-buyers were left with mortgages that far exceeded the actual fair market value of the properties that had been purchased in their names.

27.     By the time that the scheme collapsed, Zaleski and his associates had caused approximately thirteen lenders to advance in excess of $14 million in loan proceeds for the purchase of approximately 51 properties in southeastern Wisconsin and northern Illinois based upon materially fraudulent representations. Additionally, more than $2 million of the loan proceeds had been funneled to one of the shell companies in the form of sellers credits.

6

**Counts One through Seventeen: Wire Fraud**

**THE GRAND JURY FURTHER CHARGES:**

**COUNT ONE (WIRE FRAUD)**

28.    On or about December 3, 2004, in the State and Eastern District of Wisconsin and elsewhere,

**PAUL J. ZALESKI,**
**MICHAEL PEMBROKE,**
**JOHN F. HOCHREK, JR.,**

and others, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $157,302.46, originated by WMC Mortgage Corp., from The Bank of New York, New York, New York, for credit to the escrow account of Lakeside Title and Closing at Southport Bank, Kenosha, Wisconsin, for the purchase of a property located at 11309 306th Court, Salem, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

7

**THE GRAND JURY FURTHER CHARGES:**

**COUNT TWO (WIRE FRAUD)**

29.     On or about February 3, 2005, in the State and Eastern District of Wisconsin and

elsewhere,

**PAUL J. ZALESKI,
MICHAEL PEMBROKE,
JOHN F. HOCHREK, JR.,
PATRICIA LYNN KAY,**

and others, for the purpose of executing the above-described scheme, knowingly caused to be

transmitted in interstate commerce by means of a wire communication, certain signs, signals, and

sounds which accomplished a wire transfer of approximately $455,322.61, originated by WMC

Mortgage Corp, at The Bank of New York, New York, New York, for credit to the escrow

account of Landmark Title Corporation at the M&I Bank, Milwaukee, Wisconsin, for the

purchase of a property located at 226 North Cogswell Drive, Silver Lake, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

8

**THE GRAND JURY FURTHER CHARGES:**

## COUNT THREE (WIRE FRAUD)

30.     On or about February 3, 2005, in the State and Eastern District of Wisconsin and

elsewhere,

## PAUL J. ZALESKI,
## MICHAEL PEMBROKE,
## JOHN F. HOCHREK, JR.,
## PATRICIA LYNN KAY,

and others, for the purpose of executing the above-described scheme, knowingly caused to be

transmitted in interstate commerce by means of a wire communication, certain signs, signals, and

sounds which accomplished a wire transfer of approximately $112,344.16, originated by WMC

Mortgage Corp, at The Bank of New York, New York, New York, for credit to the escrow

account of Landmark Title Corporation at the M&I Bank, Milwaukee, Wisconsin, for the

purchase of a property located at 226 North Cogswell Drive, Silver Lake, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

9

## THE GRAND JURY FURTHER CHARGES:

### COUNT FOUR (WIRE FRAUD)

31.     On or about September 23, 2005, in the State and Eastern District of Wisconsin
and elsewhere,

### PAUL J. ZALESKI,
### PATRICIA LYNN KAY,
### ROBERT FARRELL,

and others, for the purpose of executing the above-described scheme, knowingly caused to be

transmitted in interstate commerce by means of a wire communication, certain signs, signals, and

sounds which accomplished a wire transfer of approximately $572,974.80, originated by First

Franklin Mortgage, from the National City Bank of Indiana, Indianapolis, Indiana, for credit to

the escrow account of K&M Title at M&I Bank, Milwaukee, Wisconsin for the purchase of the

property located at 9900 261st Avenue, Salem, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

10

**THE GRAND JURY FURTHER CHARGES:**

## COUNT FIVE (WIRE FRAUD)

32.     On or about November 21, 2005, in the State and Eastern District of Wisconsin and elsewhere,

### PAUL J. ZALESKI,
### PATRICIA LYNN KAY,

and others, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $498,131.40, originated by Equifirst Mortgage Corporation at Wachovia Bank of North Carolina, Charlotte, North Carolina, for deposit into the escrow account of K&M Title at M&I Bank, Milwaukee, Wisconsin, for the refinancing of a property located at 9900 261st Avenue, Salem, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

11

**THE GRAND JURY FURTHER CHARGES:**

## COUNT SIX (WIRE FRAUD)

33.     On or about November 21, 2005, in the State and Eastern District of Wisconsin and elsewhere,

### PAUL J. ZALESKI,
### PATRICIA LYNN KAY,

and others, for the purpose of executing the above-described scheme, knowingly caused to be

transmitted in interstate commerce by means of a wire communication, certain signs, signals, and

sounds which accomplished a wire transfer of approximately $124,672.90, originated by Equifirst

Mortgage Corporation at Wachovia Bank of North Carolina, Charlotte, North Carolina, for

deposit into the escrow account of K &M Title at M&I Bank, Milwaukee, Wisconsin, for the

refinancing of a property located at 9900 261st Avenue, Salem, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

12

**THE GRAND JURY FURTHER CHARGES:**

### COUNT SEVEN (WIRE FRAUD)

34.     On or about January 3, 2006, in the State and Eastern District of Wisconsin and elsewhere,

**PAUL J. ZALESKI,**
**MICHAEL PEMBROKE,**
**JOHN F. HOCHREK, JR.,**
**ROBERT FARRELL,**

and others, for the purpose of executing the above described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $278,251.84, originated by WMC Mortgage Corp., at The Bank of New York, New York, New York, for credit to the escrow account of K&M Title at the M&I Bank, Milwaukee, Wisconsin, for the refinance of a property located at 4813 Hampshire Lane, McHenry, Illinois.

All in violation of Title 18, United States Code, Sections 1343 and 2.

13

**THE GRAND JURY FURTHER CHARGES:**

## COUNT EIGHT (WIRE FRAUD)

35.     On or about January 3, 2006, in the State and Eastern District of Wisconsin and elsewhere,

**PAUL J. ZALESKI,**
**MICHAEL PEMBROKE,**
**JOHN F. HOCHREK, JR.,**
**ROBERT FARRELL,**

and others, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $68,587.77, originated by WMC Mortgage Corp, at The Bank of New York, New York, New York, for credit to the escrow account of K&M Title at the M&I Bank, Milwaukee, Wisconsin, for the refinance of a property located at 4813 Hampshire Lane, McHenry, Illinois.

All in violation of Title 18, United States Code, Sections 1343 and 2.

14

**THE GRAND JURY FURTHER CHARGES:**

## COUNT NINE (WIRE FRAUD)

36.     On or about January 27, 2006, in the State and Eastern District of Wisconsin,

### PAUL J. ZALESKI,
### ROBERT FARRELL,

and others, for the purpose of executing the above-described scheme, knowingly caused to be

transmitted in interstate commerce by means of a wire communication, certain signs, signals, and

sounds which accomplished a wire transfer of approximately $263,330.06, originated by CFSB

Mortgage Capital LLC, at Citibank, New York, New York, for credit to the account of Lakeside

Title at JP Morgan Chase, NA, Milwaukee, Wisconsin, for the purchase of a property located at

222 Evergreen Lane, Twin Lakes, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

15

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TEN (WIRE FRAUD)

37.    On or about January 27, 2006, in the State and Eastern District of Wisconsin,

### PAUL J. ZALESKI,
### ROBERT FARRELL,

and others, for the purpose of executing the above-described scheme, knowingly caused to be

transmitted in interstate commerce by means of a wire communication, certain signs, signals, and

sounds which accomplished a wire transfer of approximately $65,016.07, originated by CFSB

Mortgage Capital LLC, at Citibank, New York, New York, for credit to the account of Lakeside

Title at JP Morgan Chase, NA, Milwaukee, Wisconsin, for the purchase of a property located at

222 Evergreen Lane, Twin Lakes, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT ELEVEN (WIRE FRAUD)

38.     On or about February 3, 2006, in the State and Eastern District of Wisconsin and
elsewhere,

### PAUL J. ZALESKI,

and others, for the purpose of executing the above-described scheme, knowingly caused to be
transmitted in interstate commerce by means of a wire communication, certain signs, signals, and
sounds which accomplished a wire transfer of approximately $99,609.75, originated by First
Franklin Financial Corporation, at the National City Bank of Indiana, Cleveland, Ohio, for credit
to the account of Lakeside Title at JP Morgan Chase Bank, NA, Milwaukee, Wisconsin, for the
purchase of a property located at 6209 13th Avenue, Kenosha, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

17

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TWELVE (WIRE FRAUD)

39.     On or about March 27, 2006, in the State and Eastern District of Wisconsin and elsewhere,

### PAUL J. ZALESKI,
### ROBERT FARRELL,

and others, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $109,800, originated from its account by Fremont Investments, California, for credit to the account of Advantage Title at Associated Bank of Green Bay, Wisconsin, for the purchase of a property located at 23507 127th Place, Salem, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

18

**THE GRAND JURY FURTHER CHARGES:**

## COUNT THIRTEEN (WIRE FRAUD)

40.     On or about March 31, 2006, in the Sate and Eastern District of Wisconsin and elsewhere,

### PAUL J. ZALESKI,

and others, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $324,564.21, originated by First Franklin, at National City Bank of Indiana, Indianapolis, Indiana, for credit to the account of Advantage Title at Associated Bank of Green Bay, Wisconsin, for the purchase of a property located at 6747 352nd Avenue, Burlington (Wheatland), Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

19

**THE GRAND JURY FURTHER CHARGES:**

## COUNT FOURTEEN (WIRE FRAUD)

41.     On or about May 15, 2006, in the State and Eastern District of Wisconsin and elsewhere,

### PAUL J. ZALESKI,
### JOHN F. HOCHREK, JR.,

and others, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $307,441.56 originated by Peoples Choice Home Loan, Inc., at Deutsche Bank Trust Company Americas, New York, New York, for credit to the account of Advantage Title at Associated Bank of Green Bay, Wisconsin, for the purchase of a property located at 9820 269th Street, Trevor, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

20

**THE GRAND JURY FURTHER CHARGES:**

## COUNT FIFTEEN (WIRE FRAUD)

42. On or about May 15, 2006, in the State and Eastern District of Wisconsin and elsewhere,

### PAUL J. ZALESKI,
### JOHN F. HOCHREK, JR.,

and others, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $76,073.22, originated by Peoples Choice Home Loan, Inc., at Deutsche Bank Trust Company Americas, New York, New York, for credit to the account of Advantage Title at Associated Bank of Green Bay, Wisconsin, for the purchase of a property located at 9820 269th Street, Trevor, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

21

**THE GRAND JURY FURTHER CHARGES:**

## COUNT SIXTEEN (WIRE FRAUD)

43.     On or about August 31, 2006, in the State and Eastern District of Wisconsin and elsewhere,

### PAUL J. ZALESKI,

and others, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $400,490.87, originated by New Century Mortgage from Deutsche Bank Trust Company Americas, New York, New York, for credit to the account of Advantage Title at Associated Bank of Green Bay, Wisconsin, for the purchase of a property located at 12210 304th Avenue, Trevor, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

22

**THE GRAND JURY FURTHER CHARGES:**

### COUNT SEVENTEEN (WIRE FRAUD)

44.    On or about May 15, 2006, in the State and Eastern District of Wisconsin and elsewhere,

### PAUL J. ZALESKI,

and others, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $98,074.81, originated by New City Mortgage from Deutsche Bank Trust Company Americas, New York, New York, for credit to the account of Advantage Title at Associated Bank of Green Bay, Wisconsin, for the purchase of a property located at 12210 304th Avenue, Trevor, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

23

**Counts Eighteen through Twenty-Three: Money Laundering**

**THE GRAND JURY FURTHER CHARGES:**

45.     On or about the dates listed in the table below, in the State and Eastern District of

Wisconsin and elsewhere,

**PAUL J. ZALESKI,
MICHAEL PEMBROKE, and
PATRICIA LYNN KAY**

did knowingly and willfully conduct, and cause to be conducted, the financial transactions

described in the table below:

46.     Each of these financial transactions affected interstate commerce.

47.     Each of these financial transactions also involved, in whole or in part, the proceeds

of specified unlawful activity, namely, wire fraud in violation of Title 18, United States Code,

Section 1343.

48.     While conducting these financial transactions, the named defendants knew that the

money involved in the financial transactions represented proceeds of some form of unlawful

activity.

49.     While conducting these financial transactions, the above named defendants:

       a.     intended to promote the above-identified specified unlawful activity, and

       b.     knew that the transaction were designed in whole and in part to conceal and
disguise the nature, location, source, ownership, and control of the proceeds
of said specified unlawful activity.

24

**Money Laundering**

| Count | Defendant | Date | Transaction |
|---|---|---|---|
| Eighteen | Michael Pembroke | 12/1/2004 | Caused cashier's check no. 1720302, drawn on Associated Bank, Wisconsin, in the amount of $11,000, funded with moniey withdrawn from the account of Silver Creek Investments, to be issued and delivered to Chicago Title and Trust for payment of buyer's fees associated with the purchase of 20887 W. Sienna Drive, Lake Villa, Illinois. |
| Nineteen | Paul J. Zaleski | 9/23/05 | Caused check no. 200565, drawn on the account of Lakeside Property Management LLC, at Greater North Bank, Antioch, Illinois, in the amount of $59,966.15, to be issued and delivered to Patricia Lynn Kay for use as buyer's fees required for the purchase of 9900 261st Ave., Salem, Wisconsin. |
| Twenty | Patricia Lynn Kay | 9/23/05 | Caused cashier's check no. 905379456, in the amount of $59,966.15, and funded with check no. 200565, drawn on the account of Lakeside Property Management LLC, at Greater North Bank, Antioch, Illinois, to be issued delivered to K&M Title Company for payment of buyer's fees associated with the purchase of 9900 261st Ave., Salem Wisconsin. |
| Twenty-one | Paul J. Zaleski | 2/3/06 | Caused cashier's check no. 2331 drawn on Greater North Bank, Antioch, Illinois, in the amount of $15,500, funded with monies withdrawn from the account of Northpointe Development, to be issued and delivered to Lakeside Title Company and for payment of buyer's fees associated with the purchase of 6209 13th Ave. Kenosha, Wisconsin. |
| Twenty-two | Paul J. Zaleski | 3/30/06 | Caused check no. 52345 in the amount of $20,800, drawn on the account of Lakeside Property Management, LLC at Greater North Bank, Antioch, Illinois, to be issued and delivered to William Struve. |

25

| Twenty-three | Paul J. Zaleski | 5/15/06 | Caused check no 250083 in the amount of $15,500, drawn on the account of Lakeside Property Management, LLC at Greater North Bank, Antioch, Illinois, to be issued and delivered to William R. Struve |
|---|---|---|---|

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i),

1956(a)(1)(B)(i), and 2.

26

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TWENTY-FOUR (MONEY LAUNDERING)

50.     On or about August 31, 2006, in the State and Eastern District of Wisconsin and elsewhere,

### PAUL J. ZALESKI,

did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000, to wit, directing the issuance of check no. 5562, drawn on the escrow account of Advantage Title Company, in the amount of $26,800 payable to Gary Lang, for use as a down payment on a 2007 Chevrolet Corvette automobile, which funds were proceeds derived from specified unlawful activity, namely, wire fraud in violation of Title 18 United States Code, Section 1343 and 2.

All in violation of Title 18, United States Code, Section 1957(a).

27

## FORFEITURE NOTICE

51. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts 1-17 of this Indictment, the defendant under consideration shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense.

52. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1956 or 1957, set forth in Counts 18-24 of this Indictment, the defendant under consideration shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, and any property traceable to such property, including, but not limited to, a sum of money equal to the value of the property involved in the offense.

53. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of

28

substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by

Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

DATED 4/28/09

MICHELLE L. JACOBS
Acting United States Attorney

29