UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.        Case No. 09-CR-118

PAUL ZALESKI, et al.,

    Defendant.

**DEFENDANT'S OBJECTION TO THE RECOMMENDATION
TO THE HONORABLE LYNN ADELMAN
OF MAGISTRATE JUDGE WILLIAM E. CALLAHAN, JR.**

The Defendant, Paul Zaleski, by his attorney, Thomas J. Erickson, hereby submits the following objections to the Recommendation of Magistrate Judge William E. Callahan, Jr., dated June 29, 2010 (Document 67).

Zaleski filed 1) a motion for a bill of particulars; 2) a motion for severance; 3) a motion for a Santiago hearing; 4) a joint motion to dismiss based on lack of jurisdiction; and 5) a joint motion to dismiss based upon multiplicity. Judge Callahan has deferred the motion for a Santiago hearing to this court. Zaleski will join co-defendant Robert Farrell's objections to the recommendation to deny the two motions to dismiss without further comment.

**Motion for Severance**

Zaleski seeks severance pursuant to Fed. R. Crim. P. 14 on two grounds: 1) the admissions of inculpatory statements by co-defendants Kay and Pembroke will deprive him his rights under the Confrontation Clause; and 2) conflicting and irreconcilable

defenses exist to the degree that Zaleski will be deprived of a fair trial if joined with the other co-defendants.

The court has denied without prejudice the request for severance based on the admission of inculpatory statements because Zaleski has not specified or established whether the co-conspirators' statements were made in furtherance of the conspiracy or whether the statements are confessions. Upon a review of the statements of both Kay and Pembroke, Zaleski can posit categorically that statements are testimonial admissions and confessions to law enforcement and **not** in any manner made in furtherance of any conspiracy.

Kay's statement consists of six single spaced pages in which she relates her history of working with Zaleski and her role in procuring loans. Pembroke, again in six single-spaced pages, relates his history of forming a business with Zaleski and his work with Zaleski. In each statement Pembroke and Kay implicate themselves and also Zaleski (in that he tricked them to a degree) in a scheme to use "seller-credits" and to obtain loans to buy properties in which there was no intention of paying the loans.

The statements of the co-conspirators incriminate Zaleski and were not made in the course of the conspiracy. Thus, actual prejudice would arise from the joinder of trials and severance must be granted. *United States v. Clark*, 989 F. 2d 1490, 1499 (7th Cir. 1993).

Finally, the statements were made to FBI agents as part of an investigation into criminal activity. Thus, they are testimonial statements under *Crawford v. Washington*, 541 U.S. 36, 52 (2004) and accordingly the Confrontation Clause prohibits their

admission at trial because the declarant will be unavailable and the defendant has not had a prior opportunity to cross-examine the declarant.

Antagonistic defenses also exist to the degree that severance should be granted. The assertion of antagonistic defenses may satisfy the test for compelling prejudice. *United States v. Mietus*, 237 F.3d 866 (7th Cir. 2001). To prevail on the claim that severance is warranted due to antagonistic defenses, defendants must show that the defenses were antagonistic to the point of being irreconcilable and mutually exclusive. *United States v. Harris*, 310 R. 3d 557 (7th Cir. 2002).

Zaleski believes, based on the statements of the co-defendants to date, that they will all blame Zaleski for any criminal act they may have committed:. they were following Zaleski's instructions in regard to the mortgage business and did not realize that their acts were illegal because Zaleski hoodwinked them. The defense of the co-defendants is that they had no intention of defrauding anyone. Zaleski's defense is that he did nothing illegal which is different from the co-defendants who are blaming Zaleski for their conduct. Defenses are mutually irreconcilable where the defense of one defendant is the guilt of the other. *United States v. Perez-Garcia*, 904 F.2d 1534 (5th Cir. 1990).

For all of the foregoing reasons, Zaleski asks that the court grant Zaleski's motion for severance.

**Motion for Bill of Particulars**

Zaleski has requested a bill of particulars requiring the government to provide him notice of 1) the victims with loss amounts; 2) the alleged co-conspirators, either indicted or un-indicted; and 3) a list of all mortgage and loan documents specific to each

count which it claims Zaleski prepared or caused to be prepared in furtherance of any scheme to defraud.

First, on July 9th, counsel for the government informed counsel that she would soon provide him with a spreadsheet specifying loss amounts and putative victims so Zaleski will withdraw this request. Zaleski stands by his request for a list of co-conspirators and for a list of documents specific to each count in which the government claims Zaleski committed fraud. Contrary to the Magistrate's Recommendation, these requests are not to wheedle the evidentiary detail of the government's case; it is to effectively serve the interests of fairness in a case with over 30,000 pages of documents. Zaleski deserves notice of which documents will be in play at trial well before the trial date. It is simply too much of a burden for the defense. The government should be required to show its hand to some degree now or it will still be several months before the defendants will be prepared for trial.

Dated this 13th day of July, 2010.

Respectfully submitted,

/s/
Thomas J. Erickson
Attorney for Defendant

Address and Phone:
611 N. Broadway, Ste. 200
Milwaukee, WI 53202
(414) 271-0678